UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
DEIULEMAR COMPAGNIA DI
NAVIGAZIONE SPA,

          Plaintiffs,                        10 CIV. _____

    -against-

EFNAV COMPANY LTD. a/k/a EFNAV
CO. LTD., SERTIO SHIPPING COMPANY
LIMITED a/k/a SERTIO SHIPPING,
ROUFELO SHIPPING COMPANY
LIMITED a/k/a ROUFELO SHIPPING
and VINTAGE MARITIME CO. LTD.
a/k/a VINTAGE MARITIME,

          Defendants.
------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, DEIULEMAR COMPAGNIA DE NAVIGAZIONE SPA ("Plaintiff" or "Deiulemar"), by and through its attorneys, Tisdale Law Offices, LLC, as and for its Verified Complaint against the Defendants, EFNAV COMPANY LTD. a/k/a EFNAV CO. LTD. ("Efnav"), SERTIO SHIPPING COMPANY LIMITED a/k/a SERTIO SHIPPING ("Sertio"), ROUFELO SHIPPING COMPANY LIMITED a/k/a ROUFELO SHIPPING ("Roufelo") and VINTAGE MARITIME CO. LTD. a/k/a VINTAGE MARITIME ("Vintage")(collectively referred to herein as "Defendants"), alleges, upon information and belief, as follows:

1.    This is a case of admiralty and maritime jurisdiction and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    The Plaintiff brings this claim against the Defendants pursuant to Rule B of the Supplemental Rules of Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

3. At all times which shall be mentioned the Plaintiff was and still is a business corporation duly organized and existing under foreign law with an office and place of business in Italy.

4. Upon information and belief, Defendant Efnav was and still is a foreign corporation or other business entity organized and existing under the laws of Greece.

5. Upon information and belief, Defendant Sertio was and still is a foreign corporation or other business entity organized and existing under the laws of Cyprus.

6. Upon information and belief, Defendant Roufelo was and still is a foreign corporation or other business entity organized and existing under the laws of Cyprus.

7. Upon information and belief, Defendant Vintage was and still is a foreign corporation or other business entity organized and existing under the laws of Cyprus.

8. By a time charter on an amended NYPE form dated 25 July 2009, Vintage agreed to charter the Vessel CAPTAIN GEORGE II ("Vessel") to Deiulemar on the terms contained therein (the "Head Charter").

9. On October 16, 2009, the Charterers fixed the Vessel to Land, Air and Sea Transport Ltd. (fully guaranteed by BM Shipping)("Sub-Charterers") to ship hot rolled steel coils ("Cargo") from Qingdao, Dandong and Rizhao, China for discharge in Mumbai, India (the "Sub-Charterparty").

10. On or around October 27 and 28, 2009, prior to loading some of the Cargo, a dispute arose as a result of the Master/Vintage's refusal to load the Cargo at Rizhao. The Sub-Charterers/Shippers were obliged to order the Vessel to depart Rizhao for Mumbai without the full Cargo that was to be loaded there, allegedly incurring losses (currently quantified as USD$433,004.47).

11. Sub-Charterers claim that the Master/Vintage should have loaded the Cargo at Rizhao. Sub-Charterers hold Deiulemar responsible for all off-hire, additional costs, dead-freight, all consequential losses and any potential claims due to failure to load the Cargo.

12. Deiulemar has passed the same claim on to Vintage and Vintage has rejected the same.

13. Sub-Charterers have requested that Deiulemar post security and threatened the arrest and delay of Deiulemar's vessels if security was not provided. In order to avoid such arrests and delays, Deiulemar entered into negotiations with Sub-Charterers to provide security.

14. By an Escrow Agreement dated March 29, 2010, Deiulemar paid the sum of USD$800,000 into an escrow account held as security for Sub-Charterers' claims in the London arbitration proceedings. The sum represents the total amount claimed plus interest and costs. Deiulemar has asked Vintage to post security for Deiulemar's claims, but Vintage has declined to do so.

15. If Deiulemar is found to have breached its charter with Sub-Charterers, Deiulemar is entitled to be indemnified in full by Vintage as the charter parties are back-to-back.

16. Pursuant to the Head Charter dated July 25, 2007, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

17. Deiulemar has commenced arbitration in London.

18. Despite due demand, Vintage has failed and/or refused to post security.

19. Legal fees incurred defending this claim by Sub-Charterers against Deiulemar are recoverable in the indemnity action by Deiulemar against Vintage.

20. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Interest at the rate of 5% per annum, compounded quarterly, is generally

awarded. Section 63 of the English Arbitration Act of 1996 specifically allows for recover of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts as arbitration as the prevailing party:

| | | | | |
|---|---|---|---|---:|
| | A. | Principal claim: | $ | 433,004.47 |
| | B. | Interest on principal claim through arbitration | $ | 69,675.85 |
| | C. | Estimated legal fees in the arbitration between Deiulemar and Sub-Charterers | $ | 200,000.00 |
| | D. | Estimated recoverable attorneys' fees in the arbitration between Deiulemar and Vintage | $ | 100,000.00 |
| | E. | Estimated recoverable arbitration Costs | $ | 100,000.00 |
| **Total:** | | | $ | **902,680.32** |

### DEFENDANTS EFNAV, SERTIO, ROUFELO AND VINTAGE

21. Roufelo is a shell company and nominal owner of the M/V ANASTASIA.

22. Vintage is a shell company and nominal owner of the M/V CAPTAIN GEORGE II.

23. Sertio is a shell company and nominal owner of the M/V AVAX and M/V DANAE.

24. Each of these companies are operated, controlled and managed as a single economic enterprise by a Defendant "Efnav Company Ltd." ("EFNAV"), or by the actual owners of EFNAV, believed to be the Efstathiou family.

25. The companies controlled by EFNAV include, among others, the Defendants Sertio, Roufelo and Vintage.

26. Efnav, Sertio, Roufelo and Vintage are alter-egos of each other. Hereinafter, these companies are referred to as the "EFNAV GROUP."

27. Upon information and belief, among the entities that comprise the EFNAV GROUP, there has been no attention or inadequate attention to corporate formality and the Defendants function as a single entity to further the ultimate goal of profit generation to a single source.

28. Upon information and belief, Defendants EFNAV, Sertio, Roufelo and Vintage have no separate, independent identities from each other.

29. Roufelo, Vintage and Sertio all share the same Sole Director, Mr. Angelos Aristidou Efstathiou, who is understood to be the Principle of EFNAV.

30. Roufelo and Vintage share the same Corporate Secretary, Mr. Aristides Angelou Efstathiou, who is understood to be a member of the Efstathiou family.

31. Upon information and belief, Sertio's Corporate Secretary is Phillipos Efstathiou, who is also believed to be the President of EFNAV and is also believed to be a member of the Efstathiou family.

32. Roufelo, Vintage and Sertio all share the same registered offices in Cyprus, the same Assistant Secretary and each is owned by "bearer" share Liberian corporations.

33. A search by Lloyd's MIU, a maritime "information" company, discloses that the "Beneficial Owner" of the ANASTASIA and CAPTAIN GEORGE II is EFNAV.

34. Equasis, a public maritime information website, shows that the Registered Owner of the ANASTASIA is Sertio, although the corporate data in Cyprus shows that the Registered Owner of the ANASTASIA is Roufelo. Equasis shows that the ownership of ANASTASIA was transferred from Roufelo to Sertio on May 1, 2006.

35. Equasis also shows Roufelo, Sertio, Vintage and EFNAV all sharing the same offices at 2-4, Vasileos Pavlou Avenue, 185 34, Piraeus Greece.

36. A review of the security and financing documents associated with the vessel ANASTASIA disclosed the fact that the Vessel's mortgage is secured, not only by a mortgage on the ANASTASIA itself, but also by a guarantee by the owners of the M/V CAPTAIN GEORGE II, as well as by a collateral mortgage on the CAPTAIN GEORGE II *in rem*. Furthermore, EFNAV is a corporate guarantor of the bank's mortgage on the ANASTASIA.

37. It is clear that each of the Defendants use the others' assets as if they were their own, as collateral and guarantee for the debts of the other, as one economic unit.

38. Upon information and belief, Defendants Sertio, Roufelo and Vintage are alter-egos of EFNAV such that Sertio, Roufelo and Vintage are actually carrying on EFNAV'S business and operations.

39. Based upon the foregoing, as well as other activities, the entities that comprise the EFNAV GROUP should be considered as a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the others and the EFNAV GROUP and all assets of the EFNAV GROUP susceptible to attachment and/or restraint for the debts and/or any number of the individual entities which make up the EFNAV GROUP.

40. By virtue of the foregoing, EFNAV, Sertio, Roufelo and Vintage are properly considered parties to the subject contract and the ultimate arbitration as alter egos.

41. Upon information and belief, the M/V ANASTASIA is due to arrive at the anchorage in Bridgeport, CT on Wednesday, May 12, 2010 to discharge a cargo of coal and is expected to depart on or about Saturday, May 15, 2010.

42. The Defendants cannot be found within the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court.

43. The Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. § 1 and 8 attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

WHEREFORE, Plaintiff prays:

A. That a writ of attachment of EFNAV, Sertio, Roufelo or Vintage's property in or on board the M/V ANASTASIA may be issued, and that all persons claiming any interest therein may be cited to appear and answer the matter stated in this Complaint;

B. That judgment may be entered in favor of Plaintiff for the amount of its claim, with interest and costs, and that the M/V ANASTASIA may be condemned and sold to pay the same; and,

C. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or other

funds or property up to the amount of **$902,680.32** belonging to, due or being transferred to, from or for the benefit of the Defendant(s), including but not limited to such property as may be held, received or transferred in Defendants' name(s) in the Vessel M/V ANASTASIA or as may be held, received or transferred for its benefit at, moving through,, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served, and that all persons claiming any interest in the same to be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That Plaintiff may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Dated: May 13, 2010
Southport, CT

Attorneys for Plaintiff,
DEIULEMAR COMPAGNIA DE NAVIGAZIONE SPA,

By: _____
Thomas L. Tisdale (ct 06793)
Claurisse Campanale-Orozco (ct 26857)
Tisdale Law Offices, LLC
10 Spruce Street
Southport, CT 06890
Tel:   203-254-8474
Fax:  203-254-1641
ttisdale@tisdale-law.com
corozco@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a Partner in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: May 13, 2010
       Southport, CT

_____
Thomas L. Tisdale