UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
DEIULEMAR COMPAGNIA DI
NAVIGAZIONE SPA,

                Plaintiffs,                      10 CIV. 734 (JBA)

        -against-

EFNAV COMPANY LTD. a/k/a EFNAV
CO. LTD., SERTIO SHIPPING COMPANY
LIMITED a/k/a SERTIO SHIPPING,
ROUFELO SHIPPING COMPANY
LIMITED a/k/a ROUFELO SHIPPING
and VINTAGE MARITIME CO. LTD.
a/k/a VINTAGE MARITIME,

                Defendants.
------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MARITIME ATTACHMENT

TISDALE LAW OFFICES, LLC
10 Spruce Street
Southport, CT 06890
(203) 254-8474 - phone
(203) 254-1641 – fax

*Attorneys for Plaintiff*
*Deiulemar Compagnia De Navigazione SpA*

Thomas L. Tisdale, Esq.
Claurisse Campanale-Orozco, Esq.

## INTRODUCTION

Plaintiff, DEIULEMAR COMPAGNIA DE NAVIGAZIONE SPA ("Deiulemar" or "Plaintiff") by and through its undersigned counsel, Tisdale Law Offices, LLC, respectfully submits this Memorandum of Law in Support of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

## FACTS

The facts pertaining to the instant application for process of maritime attachment and garnishment as against Defendants are more fully set forth in Plaintiff's Complaint as well as the accompanying Affidavit of Thomas L. Tisdale ("Affidavit"). In addition, this Memorandum of Law will make reference to, and discuss as necessary the facts set forth in the Affidavit and the Plaintiff's Complaint.

## ARGUMENT

### POINT I

### PLAINTIFF HAS A MARITIME CLAIM AGAINST DEFENDANTS

Admiralty jurisdiction is afforded this Court under 28 U.S.C. §1333(1), which provides for original jurisdiction in "any civil case of admiralty or maritime jurisdiction." *See Sea Transport Contractors, Ltd. v. Industries Chemiqes du Senegal,* 411 F. Supp. 2d 386, 2006 A.M.C. 1076, 1082 (S.D.N.Y. January 24, 2006); *see also Stolt-Nielsen S.A. v. Celanese AG,* 430 F. 3d 567, 572 (2d Cir. 2005). As confirmed by the United States Supreme Court in *Exxon Corp. v. Central Gulf Lines, Inc.* 500 U.S. 603, 608 (1991), "the fundamental interest giving rise to maritime jurisdiction is 'the protection of maritime commerce.'" *Id.*; *quoting Sisson v. Ruby,* 497 U.S. 358, 367 (1990); *quoting Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 674 (1982).

Stated another way, where "the subject matter of the contract relates to a ship in its use as such, *or to commerce* or to navigation on navigable waters, or to transportation by sea or to maritime employment it is fairly said to constitute a maritime contract." *Ingersoll Milling Mach. Co. v. M/V BODENA*, 829 F.2d 293, 302 (2d Cir. 1987). Most recently, the Supreme Court has clarified this test even further finding that the fundamental inquiry is whether the contract has reference to maritime service or maritime transactions. *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 24 (2004).

## POINT II

## ATTACHMENT OF DEFENDANTS' PROPERTY IN THE DISTRICT IS APPROPRIATE UNDER RULE B

Rule B "permits a plaintiff to attach an absent defendant's property if the plaintiff has an admiralty or maritime claim *in personam*." *Reibor International, Ltd. v. Cargo Carriers (KACZ-CO.), Ltd.*, 759 F.2d 262 (2d Cir. 1985). Quasi in rem process can be used to attach or garnish a wide variety of tangible and intangible property. Rules B(1) and B(3) permit attachment of "virtually all tangible property. . . In addition to tangible property, service of quasi in rem process can also be used to reach a variety of intangible property, such as bank accounts, accounts receivable, and other debts owed to the defendant." *See 29-0705 Moore's Federal Practice- Civil § 705.04.* A party may attach the funds used to pay a debt that is owed or will be owed to a defendant and the court may require such person to pay the debt to the attaching party upon maturity. *See Iran Express Lines v. Sumatrop, A.G.*, 563 F.2d 648 (4th Cir. 1977).

Rule B is "a relatively broad maritime attachment rule, under which the attachment is quite easily obtained." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 443-445 (2d Cir. 2006). An attachment should issue if the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district;

3

3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment. Conversely, a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E. Id. at 445; *Chiquita Int'l, Ltd. v. M/V Cloudy Bay*, 2009 U.S. Dist. LEXIS 91790, at *9 (S.D.N.Y. 2009); *TMT Bulk Co. v. Corus UK, Ltd.*, 2009 U.S. Dist. LEXIS 39632, at *3-4 (S.D.N.Y. 2009); *Novoship (UK) Ltd. v. Ruperti*, 545 F. Supp. 2d 328, 331 (S.D.N.Y. 2008); *Sonito Shipping Co., Ltd. v. Sun United Mar., Ltd.*, 478 F. Supp. 2d 532, 536 (S.D.N.Y. 2007).

Here, as the Affidavit and Verified Complaint clearly establish, Plaintiff has a maritime claim (breach of a charter party) against Vintage Maritime Co. Ltd. and its alter egos (Efnav Co. Ltd., Sertio Shipping and Roufelo Shipping Co. Ltd.). Defendants cannot otherwise be found within the district and the Defendants have property (in the form of the M/V ANASTASIA) within the District of Connecticut. Finally, there is no statutory or maritime bar to the claim.

## POINT II

### PLAINTIFF'S ALTER-EGO ALLEGATIONS AGAINST DEFENDANTS ARE SUFFICIENT FOR THE ATTACHMENT OF DEFENDANTS' PROPERTY

#### A. THE STANDARD FOR OBTAINING A MARITIME ATTACHMENT IS ONLY THAT PLAINTIFF MEET ITS PRIMA FACIE OBLIGATION

As illustrated in *Transportes Navieros y Terrestes, S.A. de D.V. v. Fairmount Heavy Transport N.V.*, 07 Civ. 3076, 2007 WL 1989309, at *3-4 (S.D.N.Y. July 6, 2007), "a plaintiff seeking a maritime attachment need not provide any supporting evidence; its complaint should suffice" (rejecting "probable cause" or "reasonable grounds" standards); *See also SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 06 Civ. 15375, 2007 WL 831810, at *4 (S.D.N.Y. Mar. 15, 2007)(holding prima facie standard met where plaintiff plead alter ego liability). Further, as

4

stated in *Bell Atlantic v. Twombly,* 127 S.Ct. 1955, 1965 (2007), Plaintiff's Complaint contains "enough factual matter (taken as true) to suggest" the plausibility of its alter ego theory.

As indicated by Judge Scheindlin in *ST Shipping & Transp., Inc. v. Golden Fleece Mar., Inc.,* 07 Civ. 11147 (SAS) 2008 U.S. Dist. LEXIS 68799, at *21 (S.D.N.Y. Sept. 9, 2008), where shipping companies are organized in a "shipping group," as is the situation in this case, the court should exercise vigilance to ensure that the parent company is not manipulating the shipping group to avoid liability stating, "...[h]istorically, maritime attachment has ensured satisfaction of judgments in a world where ships and their owners can sail away from a court's jurisdiction, never to be seen again. As this case demonstrates, in modern commerce claimants must fear more than the physical disappearance of a ship; they must beware of the legal disappearance of the shipowner."

### B. DEFINING ALTER EGO

Under federal common law, the corporate form will be ignored and liability imposed on another corporate entity or the principals, if it is shown that the interconnected organization was utilized to perpetrate a fraud *or* where one entity or individual(s) so dominated another that it was, in effect, carrying on the principal's business. *See Kirno Hill Corp. v. Holt,* 618 F.2d 982, 985 (2d Cir. 1980). In a maritime case, it is sufficient to allege that the parent or controlling principal so dominated the subsidiary or other units within the group such that they were mere tools or instrumentalities to carry on the overall business of the principal. *See Kirno Hill,* 618 F.2d at 985 and *Holburn Oil Trading v. Interpetrol Bermuda, Ltd.,* 774 F. Supp. at 844 (S.D.N.Y. 1991).

While there is no precise test to determine whether an entity is an alter-ego of another, in general, the corporate veil may be pierced where it can be demonstrated that the parent or

controlling entity was the 'true' or prime mover behind the subsidiary. *See Carte Blanche (Singapore) v. Diners Club Intern*, 758 F. Supp. 908, 918 (S.D.N.Y. 1991). In *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F. 2d 131, 139 (2d Cir. 1991) the Second Circuit listed a number of factors that should be considered in determining whether to pierce the corporate veil:

> 1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issues of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms' length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and 10) whether the corporation in question had property that was used by the other of the corporations as if it were its own. *See generally*, Barber, *Piercing the Corporate Veil*, 17 Willamette L. Rev. 371, 398 (1981); *Directors Guild of America v. Garrison Prod.*, 733 F.Supp. 755, 760-61 (S.D.N.Y. 1990); *United States Barite Corp. v. M/V Haris*, 534 F. Supp. 328, 330 (S.D.N.Y. 1982).

*Id.*

Obviously, many of the documents required to establish some of these elements are solely in the control of the Defendants and discovery on these issues will be necessary. However, the Plaintiff's Complaint sets forth considerable evidence which establishes the alter-ego relationship between Efnav Co. Ltd. ("Efnav") and Sertio Shipping ("Sertio"), Roufelo Shipping Company Limited ("Roufelo") and Vintage Maritime Co. Ltd. ("Vintage").

Rule B permits attachment of a corporate alter ego of a named defendant's tangible or intangible property. *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 90 n.3 (2d Cir. 2009); *see also Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009)(discussing alter ego liability in the context of maritime attachments under Rule B);

*Wajilam Exps. (Singapore) Pte, Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275 (S.D.N.Y. 2006); *Rea Navigation, Inc. v. World Wide Shipping LTD*, 2010 AMC 221 (S.D.N.Y. 2009) (denying motion to vacate attachment where plaintiff pleaded sufficient facts to support an alter ego status at that stage of the litigation); *Cosmotrade Exps. v. Conchart Overseas (Offshore) Sal*, 2009 U.S. Dist. LEXIS 87790, at *14 (S.D.N.Y. 2009)( the allegations in the amended complaint made out a *prima facia* case that the defendant and another entity were alter egos of each other making vacatur of the attachment on those grounds improper); *Pilot Enters. v. Brodosplit, Inc.*, 2009 U.S. Dist. LEXIS 33282 (S.D.N.Y. 2009); *Classic Mar., Inc. v. Makmur*, 646 F. Supp. 2d 364, 371 (S.D.N.Y. 2009); *Goodearth Mar. Ltd. v. Calder Seacarrier Corp.*, 2008 U.S. Dist. LEXIS 56206 (S.D.N.Y. 2008); *C. Transp. Panamax, Ltd. v. Kremikovtzi Trade E.O.O.D.*, 2008 U.S. Dist. LEXIS 48688 (S.D.N.Y. 2008).

Plaintiff has sufficiently pleaded facts to satisfy its burden of proof. Defendants Efnav, Sertio, Roufelo and Vintage are alter-egos. In particular, the Defendants have overlapping officers and sole directors; they are cross-collateralized and cross-guarantee the loans of one another; they share offices in Cyprus and/or Greece; each works for the sold benefit of the Efnav Group and the Efstathiou family. This evidence, based only on the public record, is more than sufficient to satisfy the burden placed on Plaintiff at this stage of the proceedings. Further, with the benefit of discovery, Plaintiff will easily reveal the alter ego relationship between these companies, which is observable even on the evidence Plaintiff has collected so far.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that this Court grant Plaintiff's request for an Order for Maritime Attachment and Garnishment pursuant to Rule

B of the Supplemental Admiralty Rules in all respects and grant such other and further relief as the Court deems necessary and appropriate.

Dated: May 13, 2010
Southport, CT

Attorneys for Plaintiff,
DEIULEMAR COMPAGNIA DE NAVIGAZIONE SPA,

By: _/s/ Thomas L. Tisdale_

Thomas L. Tisdale (ct 06793)
Claurisse Campanale-Orozco (ct 26857)
Tisdale Law Offices, LLC
10 Spruce Street
Southport, CT 06890
Tel:    203-254-8474
Fax:   203-254-1641
ttisdale@tisdale-law.com
corozco@tisdale-law.com